UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER G. TEMETHY, *Pro Se*, | ) | Case No.: 1: 25 CV 1355 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JUDGE SHANNON M. GALLAGHER, | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendant | ) | <u>AND ORDER</u> |

*Pro Se* Plaintiff Roger G. Temethy has filed an *in forma pauperis* non-prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Shannon M. Gallagher. (Doc. No. 1.) Plaintiff's complaint seeks monetary damages for violations of his constitutional rights he contends occurred in connection with the Judge's conduct in state-court cases. (*See id*. at 3-4, ¶¶ II and III.) He indicates he sues Judge Gallagher in her official capacity. (*Id*. at 2, ¶ I (B).)

Plaintiff's application to proceed *in forma pauperis* in the case (Doc. No. 2) is granted, but for the reasons stated below, his complaint is dismissed.

District courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663 (2009), citing *Twombly*, 550 U.S. at 556.

The Court finds that Plaintiff's complaint warrants *sua sponte* dismissal in accordance with § 1915(e).

Claims against state court judges in their official capacity are the equivalent of claims against the State itself, which is immune from suit in federal court under the Eleventh Amendment. *See Bennett v. Thorburn*, No. 86–1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment). Accordingly, Plaintiff's complaint suing Judge Gallagher in her official capacity warrants *sua sponte* dismissal on the basis of Eleventh Amendment immunity. *See id.*

Further, even if Plaintiff sued Judge Gallagher in her individual capacity, his complaint warrants dismissal on the basis of judicial immunity. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from suits

arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to judicial immunity, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Here, Plaintiff's claims in this case arise out of and pertain to conduct taken by Judge Gallagher during the performance of her judicial functions as to which she is absolutely immune from a damages suit.

**Conclusion**

Accordingly, Plaintiff's Complaint is dismissed on the basis of Eleventh Amendment and judicial immunity pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

> */S/ SOLOMON OLIVER, JR.*
> SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

August 5, 2025